UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CHURICH,

    Petitioner,

v.

SONOMA COUNTY SUPERIOR COURT,

    Respondent.[1]

Case No. 18-cv-02943-KAW (PR)

**ORDER TO SHOW CAUSE**

Re: Dkt. No. 3

Petitioner, a California prisoner at Salinas Valley State Prison, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his criminal judgment from the Sonoma County Superior Court. The following claims appear to be cognizable: (1) insufficient evidence to support conviction for intimidation of a victim or witness; and (2) improper sentence for great bodily injury enhancement. Petitioner's claim three appears to be that his defense of self-defense was ignored by the court. This is also cognizable. Petitioner's claims based on his ignorance of the law or that the victim planted evidence are not cognizable. Petitioner has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Petitioner's motion for leave to proceed in forma pauperis is granted.

Good cause appearing, the Court hereby issues the following orders:

1.    The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner at his current

---

[1] The Court *sua sponte* substitutes William Muniz, the Warden at Salinas Valley State Prison, as the proper respondent in accordance with Rule 2(a) of the Rules Governing § 2254 Cases. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

address.

2. No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an Answer in regard to the three cognizable claims conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within fourteen days of receipt of an opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

6. Respondent shall file his Consent or Declination to Magistrate Judge Jurisdiction on or before the date his answer is due.

This form can be found at www.cand.uscourts.gov/civilforms.

7. The Clerk of the Court shall substitute William Muniz as the respondent.

IT IS SO ORDERED.

Dated: June 26, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge