UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHURICH,<br><br>   Petitioner,<br><br> v.<br><br>SHAWN HATTON,<br><br>   Respondent. | Case No. 18-cv-02943-VC  (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 58 |

  Robert Churich filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. The respondent moves to dismiss based on procedural default. Churich has filed a traverse, which is construed to be his opposition, and a sur-reply. For the following reasons, the motion to dismiss is granted.

## PROCEDURAL HISTORY

  A jury found Churich guilty of inflicting great bodily injury on his mother, dissuading a witness, assault with a deadly weapon, vehicle theft, and theft of access card account information, with a true finding on two special allegations. Ex. 2 at 1, 2, 6; ECF No. 58 at 39, 40, 44 (*People v. Churich*, Cal. Ct. App., No. A150838, Cal Ct. App. Dec. 21, 2017). The trial court sentenced Churich to 10 years and four months in prison. Ex. 2 at 7; ECF No. 58 at 45.

  Churich, who was represented by counsel, appealed and, on December 21, 2017, the Court of Appeal affirmed the judgment. Ex. 2 at 8; ECF No. 58 at 46. Churich filed a pro se

petition for review in the California Supreme Court, which was summarily denied on March 14, 2018. Ex. 4; ECF No. 58 at 115.

Church filed a pro se petition for a writ of habeas corpus in the California Supreme Court, asserting claims of judicial bias and police misconduct. Ex. 5; ECF No. 58 at 121, 124. On April 11, 2018, the California Supreme Court denied the petition with a citation *to In re Swain*, 34 Cal. 2d 300, 304 (1949) (petition for writ of habeas corpus must allege sufficient facts with particularity). Ex. 6; ECF No. 58 at 127.

On May 18, 2018, Church filed this federal petition for a writ of habeas corpus. ECF No. 1. The Court found the petition appeared to give rise to the following cognizable claims: (1) insufficient evidence supported the conviction for dissuading a witness; (2) improper enhancement of sentence with great bodily injury allegations; (3) trial court erred by ignoring Church's defense of self-defense and by refusing to admit evidence that his mother abused him, which would have supported his claim of self-defense. ECF No. 6.

The respondent filed a motion to dismiss the petition for failure to exhaust state remedies. ECF No. 21. The Court found all the claims were unexhausted but denied the motion to dismiss and instead granted Church's motion for a stay and abeyance so that he could return to state court and exhaust his claims. ECF No. 38. On April 25, 2019, Church filed a petition for a writ of habeas corpus in the California Supreme Court alleging, in essence, the same claims in his federal petition. Ex. 7. The California Supreme denied the petition as follows:

> The petition for writ of habeas corpus is denied. (*See In re Clark*, 5 Cal. 4th 750, 767-69 (1993) (courts will not entertain habeas corpus claims that are successive); *In re Dixon*, 41 Cal. 2, 756, 759 (1953) (courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal). Individual claims are denied as applicable. (*See People v. Duvall*, 9 Cal. 4th 464, 474 (1995) (a petition for writ of habeas corpus must include copies of reasonably available documentary evidence); *In re Lindley*, 29 Cal. 2d 709, 723 (1947) (courts will not entertain habeas corpus claims that attack the sufficiency of the evidence).

Ex. 8; ECF No. 58 at 163-64.

On August 21, 2019, after Church filed a motion to lift the stay because he had

exhausted his claims, the Court vacated the stay and ordered briefing on the petition. The respondent filed this motion to dismiss based on procedural default.

## DISCUSSION

### I. Procedural Default Principles

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750.

"State rules count as 'adequate' if they are 'firmly established and regularly followed.'" *Johnson v. Lee*, 136 S. Ct. 1802, 1804 (2016) (per curiam) (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)). A rule can be firmly established and regularly followed even if it is discretionary and even if the state court chooses to deny a procedurally barred claim on the merits. *Walker*, 562 U.S. at 316. A state procedural rule is independent of federal law if the state court explicitly invokes the rule as a separate basis for its decision and the application of the rule does not depend on consideration of federal law. *Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003).

The burden of proving adequacy is on the respondent. *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004). If the state adequately pleads an independent and adequate state procedural ground, the burden shifts to the petitioner to assert "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennet v. Mueller*, 322 F. 3d 573, 586 (9th Cir. 2003).

To overcome a procedural default, a petitioner can show cause and actual prejudice. The cause standard requires a petitioner to show "some objective factor external to the defense impeded counsel's efforts" to raise the claim. *McClesky v. Zant*, 499 U.S. 467, 493 (1991). A

petitioner also must show actual prejudice resulting from the errors of which he complains. *Id.* at 494; *United States v. Frady*, 456 U.S. 152, 168 (1982). Actual prejudice means, not that errors at his trial created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 170 (emphasis in original).

A petitioner may also overcome a procedural default by showing a fundamental miscarriage of justice would result from the application of the procedural default bar. *Gandarela v. Johnson*, 286 F.3d 1080, 1085 (9th Cir. 2002). To show a fundamental miscarriage of justice, the petitioner must establish factual innocence. *Id.*; *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001). This requires evidence of innocence that creates a colorable claim that the petitioner is innocent of the charges for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Gandarela*, 286 F.3d at 1085. A colorable claim would establish it is more likely than not that no reasonable juror would have convicted the petitioner in view of the new evidence. *Id.* at 1086. This standard is difficult to meet. *Id.*

**II. Analysis**

The California Supreme Court denied Churich's entire petition by citing *In re Clark*, 5 Cal. 4th at 767-69, with a parenthetical stating the citation was to the holding that a court will not entertain habeas claims that are successive. In a later case, the California Supreme Court clarified that the *Clark* successive claims bar is independent of federal law because it does not depend upon a consideration of federal law to determine whether a new habeas petition was filed after an earlier petition was denied. *In re Robbins*, 18 Cal. 4th 770, 811 (1998).

To be adequate, a rule must be firmly established and regularly followed. *See Walker*, 562 U.S. at 316. The Ninth Circuit has not yet ruled on whether the successive petition bar is adequate; however the respondent has cited several district court opinions concluding the *Clark* bar is adequate. *See e.g., Briggs v. State*, 2017 WL 1806495, *6 (N.D. Cal. May 5, 2017); *Flowers v. Foulk*, 2016 WL 4611554, *4 (N.D. Cal. 2016); *Rutledge v. Katavich*, 2012 WL 2054975, at *6-7 (N.D. Cal. 2012).

4

The respondent has satisfied his burden of pleading an independent and adequate ground for procedural default. The burden now shifts to Churich to assert specific factual allegations that demonstrate the inadequacy of the state procedure. Churich has filed an opposition and a sur-reply, but neither addresses whether the *Clark* rule is independent or adequate. Nor has Churich discussed cause and prejudice. In his briefs, Churich re-argues the merits of his claims, in particular that the trial court failed to admit impeachment evidence against his mother. Although this may be construed as an attempt to show factual innocence, these conclusory allegations fail to do so. Therefore, the petition is procedurally barred by California's successive petition rule.

The California Supreme Court also denied Churich's entire habeas petition with a citation to *In re Dixon*, 41 Cal. 2d at 759, with a parenthetical stating the citation referred to the holding that courts will not entertain habeas claims that could have been, but were not, raised on appeal. The United States Supreme Court has held the *Dixon* bar is an adequate procedural rule precluding federal habeas review because it is regularly followed and firmly established. *Johnson v. Lee*, 136 S.Ct. 1802, 1805 (2016) (per curiam). The Ninth Circuit and many district courts have cited *Johnson* to hold California's *Dixon* rule is a valid procedural bar to habeas review. *See e.g., Johnson v. Montgomery*, 899 F.3d 1052, 1060 (9th Cir. 2018); *Agular v. Montgomery*, 697 Fed. Appx. 505, 505-06 (9th Cir. 2017); *Raygoza v. Holland*, 2017 WL 2311300, *3-4 (N.D. Cal. May 26, 2017). Moreover, the rule is independent because its application did not depend on consideration of federal law. *See Vang*, 329 F.3d at 1074.

Churich does not address whether this rule is adequate and independent, cause and prejudice or a fundamental miscarriage of justice. He only reiterates the merits of his claims, which fails to satisfy his burden of showing the *Dixon* rule is not a valid procedural bar or that he is factually innocent of the charges against him. Therefore, the petition is also procedurally barred by California's *Dixon* rule.

## CONCLUSION

Church's petition is procedurally barred from federal habeas review; the motion to dismiss is granted. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel* 529 U.S. 472, 484 (2000). The Clerk shall terminate all pending motions, enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 28, 2020

_____
VINCE CHHABRIA
United States District Judge